STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

June 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JACK D. CHAMBERS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0130** (BOR Appeal No. 2047503)
                    (Claim No. 2001012942)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**INDEPENDENCE COAL COMPANY, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Jack D. Chambers, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by John H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 25, 2013, in which the Board affirmed a July 27, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 16, 2009, decision denying Mr. Chambers's application for permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Chambers worked as a mechanic and electrician for Independence Coal Company, Inc. Throughout the course of his employment, Mr. Chambers suffered several compensable injuries and was granted several permanent partial disability awards based on these injuries. Mr. Chambers applied for permanent total disability benefits based on these injuries. Errol Sadlon performed a vocational rehabilitation evaluation on Mr. Chambers and found that he was totally disabled. Mr. Sadlon determined that Mr. Chambers was not able to sit for forty-five minutes and was only able to stand for five minutes at a time. Clifford Carlson, M.D., then evaluated Mr. Chambers and determined that he had 61% whole person impairment related to his compensable injuries. Dr. Carlson determined that Mr. Chambers could work at a sedentary physical demand level. The Permanent Total Disability Reviewing Board then recommended that Mr. Chambers's application for benefits be denied because it found that he was able to engage in substantial gainful employment. The Board identified several jobs in Mr. Chambers's geographic area that he was capable of performing, including a driver position and a security guard position. On December 16, 2009, the claims administrator denied Mr. Chambers's application for permanent total disability benefits. Marj Weigel, P.T., then performed a functional capacity evaluation on Mr. Chambers. She found that his abilities were partially self-limited by his effort. Ms. Weigel determined that he could perform at the medium physical demand level and specifically determined that he could perform several basic functions, including reaching overhead with both arms and climbing stairs. Ms. Weigel noted that Mr. Chambers was limited in his ability to crouch or kneel because of the pain in his knees. On July 27, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on January 25, 2013, leading Mr. Chambers to appeal.

The Office of Judges concluded that Mr. Chambers was not permanently and totally disabled within the meaning of West Virginia Code § 23-4-6(n)(2) (2005). In reaching this determination, the Office of Judges relied on the functional capacity evaluation of Ms. Weigel. It found that Ms. Weigel's report was the only functional capacity evaluation in the record. The Office of Judges considered the report of Dr. Carlson, but it determined that he incorrectly calculated Mr. Chambers's impairment according to the Combined Values Chart of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). The Office of Judges further noted that even Dr. Carlson believed that Mr. Chambers could at least function at the sedentary physical demand level. The Office of Judges also considered the report of Mr. Sadlon but determined that it was not persuasive because Mr. Sadlon did not base his conclusion on a functional capacity evaluation that was in the record. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. The evidence in the record shows that Mr. Chambers is not permanently and totally disabled such that he is unable to engage in substantial gainful employment. The only evaluation of Mr. Chambers's functional capacity in the record is the report of Ms. Weigel, who determined that he could function at a medium physical demand level. The record indicates that there are several employment opportunities at that physical demand level within Mr. Chambers's geographic area. The Office of Judges was within its discretion in relying on Ms. Weigel's opinion. Mr. Sadlon's opinion that Mr. Chambers is permanently and totally disabled is not

supported by any functional capacity evaluation in the record, and the Office of Judges properly found that it is unpersuasive.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Brent D. Benjamin, disqualified.